IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**BERNARD PARKS, #217077,** :

    **Plaintiff,** :

**vs.** : CIVIL ACTION 10-00244-CB-B

**MIKE HALEY,** *et al.***,** :

    **Defendants.** :

### REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed the instant action pursuant to U.S.C. § 1983, while housed as an inmate at the Mobile Metro County Jail ("jail").[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon careful consideration of Plaintiff's Complaint, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

---

[1] It is not clear whether Plaintiff was being held at the jail as a pretrial detainee or a convicted prisoner. For the purpose of this Report and Recommendation, it is not necessary to resolve this issue.

**I. Complaint. (Doc. 1).**

Plaintiff filed a Complaint against the Warden at the Mobile County Metro Jail, Mike Haley, and against the Sheriff of Mobile County, Alabama, Sam Cochran. (Doc. 1 at 5). Plaintiff's Complaint contains very limited factual information. The factual information that is included is both brief and weak. Plaintiff's Complaint is also replete with legal conclusions and much case law, notwithstanding that the complaint form specifically instructs that such information is not to be included. (Id. at 2, 4).

Plaintiff's brief factual allegations are set out below:

> Warden Mike Haley and Sheriff Sam Cochran are knowingly, intentionally and deliberately with a blatant disregard to human life, opera[t]ing a jail facility that presents a clear and present danger to the inmates of the Mobile County Metro Jail because it is severe[]ly overcrowded[.] Furthermore three or more inmates are being housed in a cell approximately 7 ft. by 11 ft. that was specifically designed for two inmates. Inmates are routinely forced to sleep on the floor and this creates a severe security, health, and fire hazard.

(Id. at 4, 10.) Plaintiff also describes Defendants' conduct as "willful, gross and oppressive." (Id. at 15). According to the Complaint, Plaintiff's claim arose during his approximate two-month stay at the jail from July 28, 2009 to October 1, 2009. (Id. at 5). Plaintiff requests that he be released and the award of compensatory and punitive damages, injunctive relief,

costs, attorney's fees and whatever the Court deems "just and proper." (Id. at 7, 15).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has

---

[2] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams*,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949. When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v.

Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

In screening Plaintiff's Complaint, the Court finds that the factual content of his allegations is insufficient. Plaintiff's factual allegations are in the nature of "an unadorned the-defendant-unlawfully-harmed-me accusation[,]". Such factual assertions are not acceptable. Iqbal, __ U.S. at ___, 129 S.Ct. at 1949. The gist of Plaintiff's claim is that Defendants are operating a jail that is severely overcrowded because three or more inmates are housed in a seven foot by an eleven foot cell, which was designed for two inmates. Plaintiff asserts that as a result of said overcrowding, inmates are forced to sleep on the floor, which creates an undefined "severe security, health, and fire hazard" and a "clear and present danger." These allegations, however, are not a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).

In order to state a claim under § 1983, there must be a violation of a right arising under the Constitution or federal law. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); see Jordan v.

5

Doe, 38 F.3d 1559, 1566 (11th Cir. 1994) (the federal pretrial detainee's Bivens and § 1983 claims about the jail's conditions were reviewed for a violation of the Constitution), cert. denied, 535 U.S. 1037 (2002). The Constitution does not require that places of incarceration be comfortable. Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392, 2401, 69 L.Ed.2d 59 (1981). Instead, all that is required is for the State to furnish "its prisoners with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety." Newman v. Alabama, 559 F.2d 283, 291 (5th Cir.), rev'd in part sub nom. Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978);[3] see Helling v. McKinney, 509 U.S. 25, 32, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993); Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir.), cert. denied, 475 U.S. 1096 (1986).

Because a pretrial detainee has not been convicted, his claim arises under the Fourteenth Amendment; whereas, the Eighth Amendment protects a convicted prisoner. Id. at 1572-73; Marsh v. Butler County, Ala., 268 F.3d 1014, 1024 n.5 (11th Cir. 2001). The legal standard for a violation based on conditions of confinement is the same under either amendment. Hamm, 774

---

[3] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

6

F.2d at 1574. For the purpose of this recommendation, reference will be made to the Eighth Amendment because most cases have been decided under the Eighth Amendment.

In order to prevail on an Eighth Amendment inhumane conditions of confinement claim, an inmate must satisfy an objective component and a subjective component. Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970, 1983, 128 L.Ed.2d 811 (1994). The objective component requires the Court to look to "contemporary standards of decency" to determine whether the challenged condition resulted in a deprivation of "the minimal civilized measure of life's necessities," Rhodes, 452 U.S. at 347, 101 S.Ct. at 2399, or of a "single human need[.]" Wilson v. Seiter, 501 U.S. 294, 305, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991); see Jordan, 38 F.3d at 1565. Moreover, the challenged condition must be "extreme . . . [b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992) (citations and quotation marks omitted); see Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) ("If prison conditions are merely restrictive and even harsh, they are part of the penalty of that criminal offenders pay for their

offenses against society."). To be extreme, the challenged prison condition must "pose[] an unreasonable risk of serious damage to the prisoner's health or safety." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010).

In the present action, Plaintiff's conclusory claim of overcrowding is supported only by his assertion that the jail cells house more inmates than they were designed to hold and this results in some inmates having to sleep on the floor. These brief factual allegations do not provide a basis upon which the Court can conclude that Plaintiff's constitutional rights have been violated. In other words, they do not present an extreme condition that involves the deprivation of a single human need or of the minimal civilized measure of life's necessities. Foster v. Sangamon County Jail, 2008 WL 4491944, at *3 (C.D. Ill. Set. 30, 2008) (unpublished) (finding that sleeping on a mattress on a concrete floor, as compared to a concrete bed with a mattress, did not state a constitutional violation). Moreover, Plaintiff has not alleged an injury to himself. Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988) (affirming the dismissal a claim for unpleasant temporary conditions as there was no injury, among other things). "Indeed routine discomfort is part of the penalty prisoners may pay for their offenses, and prisoners cannot expect the 'amenities, conveniences, and services of a good hotel." Williams v. Berge,

102 Fed.Appx. 506, 507 (7th Cir. 2004) (citation omitted) (unpublished); see Harris, 839 F.2d at 1235-1236 ("Inmates cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obliged to provide constitutionally adequate confinement.").

Although the Court must accept as true the factual allegations contained in the Complaint, this does not apply to legal conclusions or "a legal conclusion couched as a factual allegations." Iqbal, ___ at ___, 129 S.Ct. at 1949-50. Indeed, Plaintiff's allegations of "knowingly, intentionally and deliberately," "blatant disregard," "clear and present danger," "severe security, health, and fire hazard," and "willful, gross and oppressive" are conclusions reached by Plaintiff, not the Court, and they convey no facts. Mabien v. Riley, CA No. 08-00728-CG-B, 2009 WL 4609763, at *3 (S.D. Ala. Dec. 1, 2009). As such, they are meaningless in the Court's screening of the Complaint. Upon review of Plaintiff's limited factual allegations, which were previously discussed, the undersigned finds that they are not sufficient to allow the Court to draw the conclusion that the alleged overcrowding "is so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety." Richardson, 598 F.3d at 737. Because the objective component is not plausible, the Court is foregoing a discussion regarding the subjective component, and

9

finds that Plaintiff has failed to allege facts sufficient to state a conditions of confinement claim. See Chandler, 379 F.3d at 1297 (declining to discuss the subjective component when the inmate failed to meet his burden on the objective component).

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **2nd** day of **December, 2010**.

                                    **/s/ Sonja F. Bivins**
                            **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1. **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Opposing party's response to the objection.</u>** Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

11

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

            **s/ Sonja F. Bivins**
          **UNITED STATES MAGISTRATE JUDGE**